AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

RANI LAU,

    Plaintiff,

V.

MORGAN STANLEY DW INC.,

    Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 06 CV 6241

TO: (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    DANIEL J. KAISER, ESQ.
    KAISER SAURBORN & MAIR. P.C.
    20 EXCHANGE PLACE, 43RD FLOOR
    NEW YORK, NEW YORK 10005

an answer to the complaint which is herewith served upon you, within _____twenty_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

AUG 17 2006

DATE

(BY) DEPUTY CLERK

AO 440  (Rev. 10/93) Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant.  Place where served: _____
_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐   Returned unexecuted: _____
_____
_____

☐   Other (specify): _____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                        Date                                                 Signature of Server

                                                                _____
                                                                             Address of Server

___
(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

06 CV 6241

DANIEL J. KAISER [DK-9387]
KAISER SAURBORN & MAIR, P.C.
20 Exchange Place, 43rd floor
New York, New York 10005
(212) 338-9100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RANI LAU,

           Plaintiff,

  -against-                                       **COMPLAINT**

MORGAN STANLEY DW INC.,                  [Jury Trial Demanded]

           Defendant.
------------------------------------------------------------x



      Plaintiff, Rani Lau, by her attorneys, Kaiser Saurborn & Mair, P.C., as and for her complaint against the above-named defendant, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

      1.    Plaintiff, Rani Lau, is a citizen of the State and City of New York, County of Richmond. Ms. Lau's gender is female.

      2.    Defendant Morgan Stanley DW Inc. ("MSDW") is, upon information and belief, a corporation organized under the laws of the State of Delaware and maintains its principal executive offices at 2000 Westchester Avenue, Purchase, Westchester County, New York.

      3.    Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, *et seq.* in that this is a civil action wherein the matters in controversy arise under the laws of the United States, including 42 U.S.C. §2000(e), as amended. The jurisdiction of this

Court is also founded upon the legal principles of pendant jurisdiction.

4. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(1) in that one or more defendants resides and transacts business in New York County, which is within this judicial district.

5. This action is filed within ninety (90) days of receipt of a Notice of Right to Sue from the United States Equal Employment Opportunity Commission.

6. This action seeks compensatory and punitive damages for defendants' violations of federal, New York State and New York City anti-discrimination statutes, as well as New York common law, relating to the plaintiff's harassment, and retaliatory actions which forced plaintiff to become unable to continue in her employment following her complaints of gender discrimination.

## BACKGROUND

*Plaintiff's Employment*

7. Between June 1, 2004 and her constructively forced resignation on or about April 29, 2005, Ms. Lau was employed by MSDW.

8. Beginning in or about August 16, 2004, Ms. Lau began working at MS's Grand Central Branch, 330 Madison Avenue, in Manhattan (the "GC Branch"), initially as a Professional Foundations Program Trainee and then, beginning in November 2004, as a Financial Advisor ("FA").

9. Ms. Lau and other females employed in the CG Branch as financial advisors or trainees experienced a working environment that was discriminatory to females.

10. The discriminatory conduct or treatment included, without limitation, the following:

- Stating that women were inferior to men and that they were not to bother management.
- Refusing to allow females to prospect for new clients in the same manner that similarly-situated males were allowed
- Refusing to meet for the purpose of providing guidance or mentoring, coming late to scheduled meetings for this purpose and then meeting instead with male employees.
- Refusing or failing to provide the same level of guidance, assistance, recognition and support to females that male employees enjoyed.
- Distributing accounts and Initial Public Offerings (IPOs) in a manner that generally was unequal and favored male employees over females.
- Managers interfering with or sabotaging the business opportunities of females, including directing employees not to speak with or assist female employees in their duties..
- Denying training opportunities to females as compared to similarly-situated males
- Denying networking opportunities to females as well as the opportunity for females to socialize with management and to attend informational luncheons as compared to similarly-situated

males.

- Failing to employ or promote qualified women in the Branch Manager, Assistant Branch Manager or Sales Manager positions.
- Denying women transfers to positions or assignments that were more financially remunerative.
- Permitting and/or tolerating the distribution and viewing of pornography during business hours.

11. When Ms. Lau complained about the discriminatory treatment, defendant retaliated against her.

12. Ms. Lau's complaints were protected activity and were voiced in opposition to the unlawful discriminatory practices engaged in by the defendant

13. Upon information and belief, defendant's discriminatory conduct was intentional or was engaged in with reckless indifference to and/or malice against the plaintiff's legal rights.

## FIRST CAUSE OF ACTION

14. Pursuant to Fed.R.Civ.P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" with the same force and effect as if separately alleged and reiterated herein.

15. Defendant discriminated against plaintiff in the terms and conditions of her employment based on her gender and/or her complaints of gender discrimination in violation 42 U.S.C. § 2000(e), the Civil Rights Act of 1991, as amended.

16. As a result, plaintiff has suffered damages for lost past and future

earnings, other employment benefits, and emotional injuries in an amount to be determined at trial, but believed to exceed $75,000.

### SECOND CAUSE OF ACTION

17. Pursuant to Fed.R.Civ.P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" with the same force and effect as if separately alleged and reiterated herein.

18. Defendant discriminated against plaintiff in the terms and conditions of her employment based on her gender and/or her complaints of gender discrimination in violation of New York State Executive Law § 296, *et seq*.

19. As a result, plaintiff has suffered damages for lost past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial, but believed to exceed $75,000.

### THIRD CAUSE OF ACTION

20. Pursuant to Fed.R.Civ.P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" with the same force and effect as if separately alleged and reiterated herein.

21. Defendant discriminated against plaintiff based on her gender and/or her complaints of gender discrimination in violation of the New York City Administrative Code §§ 8-107 and 8-502, *et seq*.

22. As a result, plaintiff has suffered damages for lost past and future earnings, other employment benefits, and emotional injuries in an amount to be

determined at trial, but believed to exceed $75,000.

## FOURTH CAUSE OF ACTION

23. Pursuant to Fed.R.Civ.P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" with the same force and effect as if separately alleged and reiterated herein.

24. By reason of the defendant's conduct, plaintiff is entitled to an order and judgment of this Court declaring the defendant's actions were illegal and violated plaintiff's civil rights, enjoining the defendant from engaging in future similar unlawful conduct, and requiring the defendant to create, implement and follow guidelines and procedures intended to prevent future similar unlawful conduct, to be monitored at defendant's expense by the appropriate federal, state and/or local administrative agencies or court-appointed monitor.

WHEREFORE, plaintiff demands judgment against defendants as follows:

(i) On the First Cause of Action, actual damages in an amount no less than $75,000, and punitive damages of $300,000;

(ii) On the Second Cause of Action, actual damages in an amount no less than $75,000;

(iii) On the Third Cause of Action, actual damages in an amount no less than $75,000, and punitive damages in an amount to be determined by the jury;

(iv) On the Fourth Cause of Action, declaring defendant's actions illegal, enjoining it from engaging in similar conduct in the future, implementing appropriate

remedial measures, and such other or different terms as may be determined after trial;

    (v)    Statutory attorney's fees pursuant to §8-502 of the New York City Administrative Code;

    (vi)    Interest, disbursements and other costs; and

    (viii)    Such other relief which the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a jury trial of all issues capable of being determined by a jury.

Dated: New York, New York
       August 15, 2006

KAISER SAURBORN & MAIR, P.C.

By: /s/ Daniel J. Kaiser
Daniel J. Kaiser [DK-9387]
Attorneys for Plaintiff
20 Exchange Place, 43rd floor
New York, New York 10005
(212) 338-9100